UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MONESHA STATON, | ) CIVIL ACTION NO. 1:12-cv-01000 |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| vs. | ) |
| NCO FINANCIAL SYSTEMS, INC. | ) **JURY TRIAL DEMAND** |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

1

## PARTIES

4. Plaintiff, Monesha Staton, ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Guilford, and City of Greensboro.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2).

6. Defendant, NCO Financial Systems, Inc. ("Defendant") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and N.C. Gen. Stat. § 58-70-90(3).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. On May 29, 2012, Plaintiff discovered that Defendant was reporting an account ending in 4054 for SunTrust Bank (the "Debt") on her credit report.

13. In response, Plaintiff sent Defendant a written dispute and demand for validation dated May 25, 2012. (*See* 5-25-12 Letter, attached hereto as Exhibit A).

14. Defendant received Plaintiff's dispute and demand for validation on May 29, 2012 at 6:36 A.M. (*See* Certified Mailing Receipt and Confirmation, attached hereto as Exhibit B).

15. In connection with the Debt, Defendant sent Plaintiff written communication dated June 12, 2012, and in such communication, stated in relevant part:

> Re: <u>Our Reference No(s).</u>   <u>Creditor(s)</u>
>    3T6ZSR (CRS)           Suntrust Bank
>                           Account No.:xxxxxxxxx4054
>                           Credit Bureau No.: 742513906
>
> Dear Monesha Staton:
>
> Thank you for you inquiry regarding the above-referenced account. Please be advised that the above-referenced account is closed in our office.
>
> In addition, please be advised that we have contacted the credit bureaus, with which we do business, with our request to delete our listing of the above-reference account from your credit profile for the social security number we have listed in our records.

(*See* 6-12-12 Letter, attached hereto as Exhibit C).

3

16. In direct contrast to its June 12, 2012 written communication, and in connection with the collection of the Debt, Defendant sent Plaintiff subsequent written communication dated June 15, 2012, and in such communication, stated in relevant part:

> CREDITOR: SUNTRUST BANK
> CREDITOR'S ACCOUNT #: [*********]4054
> REGARDING: PAST DUE BALANCE
> CURRENT BALANCE DUE: $686.27
>
> Your Account May Be Credit Reported!
>
> Our records indicate that your balance of $686.27 is due in full. It is our intention to work with you to resolve this collection account. However, subject to your dispute and validation rights provided below, if you fail to resolve this collection account, we may report the account to all national credit bureaus.

(*See* 6-15-12 communication, attached hereto as Exhibit D).

17. In its June 15, 2012 written communication, Defendant falsely represented that it was still attempting to collect the Debt and that it "may be credit reported," which is inconsistent with Defendant's June 12, 2012 written communication to Plaintiff.

18. Alternatively, Defendant falsely represented that the Debt was closed in Defendant's office and would be deleted from Plaintiff's credit reports in its June 12, 2012 written communication.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

19. Plaintiff repeats and re-alleges each and every allegation above.

4

20. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

21. Plaintiff repeats and re-alleges each and every allegation above.

22. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: the inconsistent, deceptive and misleading statements made in Defendant's written communications to Plaintiff as described above.

5

Case 1:12-cv-01000-CCE-LPA   Document 1   Filed 09/05/12   Page 5 of 8

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF N.C. GEN. STAT. § 58-70-110

23. Plaintiff repeats and re-alleges each and every allegation above.

24. Defendant violated N.C. Gen. Stat. § 58-70-110 by collecting or attempting to collect a debt or obtain information concerning Plaintiff by a fraudulent, deceptive or misleading representation, including in Defendant's written communications to Plaintiff as described above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110;

6

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 58-70-110(4)

25. Plaintiff repeats and re-alleges each and every allegation above.

26. Defendant violated N.C. Gen. Stat. § 58-70-110(4) by falsely representing the character, extent, or amount of an alleged debt against Plaintiff or of its status in any legal proceeding, or falsely representing the creditor's rights or intentions.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110(4);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

7

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

DATED this 5th day of September, 2012.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (N.C. Bar No. 37533)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

Holly E. Dowd
**Weisberg & Meyers, LLC**
5025 N. Central Ave. #602
Phoenix, AZ 85012

8